UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON; CHRISTOPHER STEPHEN CLAYTON,<br><br>                Plaintiffs,<br><br>   v.<br><br>DOES,<br><br>                Defendants. | CASE NO. 2:23-cv-889 MJP<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

This matter comes before the Court on Plaintiffs' Response to Order to Show Cause. (Dkt. No. 9.) The Court previously issued the Order to Show Cause for Plaintiffs to demonstrate why the amount in controversy exceeds $75,000. (Dkt. No. 8.) Having reviewed the Response, and all other materials and documents, the Court finds the amount in controversy does not exceed $75,000 and therefore DISMISSES the case without prejudice.

Plaintiffs allege that Plaintiff Stephen Clayton used a website called "Book Exchange" to send $60,915 in cryptocurrency from one of his online accounts to an account on the Book

Exchange platform. (Complaint at 4.) When he sought to remove his money, plus the gains he thought he earned through trading activity, he was able to remove $2,275, but no more. (Id.) Stephen's remaining $58,640 was cashed out on the Binance exchange, a cryptocurrency exchange, by unknown persons. (Id.) Plaintiffs clarified in their Response to Show Cause that they are seeking to recover the $58,640 principal loss, as well as $4,100 in expenses and $12,425 in compensatory damages.

The Court interprets Plaintiffs' claims as a civil claim for conversion. Conversion is a tort that involves "the act of wilfully [sic] interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." Washington State Bank v. Medalia Healthcare L.L.C., 96 Wash. App. 547, 554 (1999) (internal quotation and citation omitted). It is essentially a civil claim for theft. Plaintiffs assert the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000. The Court disagrees.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Rosales v. United States, 824 F.2d 799, 803 n.4 (9th Cir. 1987). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction.

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a). Generally, the amount in controversy is determined from the face of the pleadings. See Pachinger v. MGM Grand Hotel – Las Vegas, Inc., 802 F.2d

1  362, 363 (9th Cir. 1986). The sum claimed by the plaintiff controls so long as the claim is made

2  in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). "To

3  justify dismissal, it must appear to a legal certainty that the claim is really for less than the

4  jurisdictional amount." Budget Rent-A-Car v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997)

5  (internal quotation and citation omitted). Although courts generally favor a plaintiff's choice of

6  forum, a pleading must nevertheless show "affirmatively and distinctly the existence of whatever

7  is essential to federal jurisdiction." Tosco Corp. v. Communities For a Better Env't, 236 F.3d

8  495, 499 (9th Cir. 2001).

9       In an action for conversion, the measure of damages depends on whether the conversion

10 was unintentional or willful. Glaspey v. Prelusky, 219 P.2d 585, 587 (Wash. 1950). "Absent

11 willful misconduct, the measure of damages for conversion is the fair market value of the

12 property at the time and place of conversion." Potter v. Washington State Patrol, 165 Wash. 2d

13 67, 79 (2008) (internal citation omitted). But, if the conversion was willful, "the measure of

14 damages is the highest market value of the property within a reasonable time after the

15 conversion, or as sometimes stated, the highest price shown between the time of conversion and

16 the institution of the suit." Glaspey, 219 P.2d at 587. Compensatory damages are not available

17 for a conversion claim.

18      Here, Plaintiffs seek $12,425 in compensatory damages, which is critical to their meeting

19 the threshold amount in controversy. But because compensatory damages are not available in a

20 conversion claim, this amount is unrecoverable. It is also worth noting that $7,500 of the

21 compensatory damages are for lost time for both Plaintiffs, one for the time he spent trading on

22 the crypto platform, and the other for the time he spent trying to recover the lost amount.

23 However, lost time for non-professionals engaging in activities outside their profession, and in

24

ORDER DISMISSING CASE WITHOUT PREJUDICE - 3

their free time, is typically not recoverable, even when compensatory damages are allowed. Regardless, without the compensatory damages, the amount in controversy falls below the $75,000 requirement. The Court would like to note that this does not mean that Plaintiffs cannot pursue these same claims in state court.

      For the foregoing reasons, the Court DISMISSES Plaintiffs' claims without prejudice.

      The clerk is ordered to provide copies of this order to all counsel.

      Dated August 23, 2023.

Marsha J. Pechman
United States Senior District Judge